In the Matter of the Application of GEORGE ANGLESEA and MARTHA BECKER STODDARD for Determination as to the Validity, Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of FREDERICKE H. B. ANGLESEA, Deceased. GEORGE ANGLESEA, Appellant; MARTHA BECKER STODDARD, GEORGE BECKER, FREDERICK MILLER and CAROLINE MILLER PRAHM, Respondents.— The motion for reargument of motion to dismiss appeal is referred to the court that rendered the decision on the motion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ. In deciding the former motion, based on somewhat confused and voluminous affidavits, it was inadvertently and inaccurately stated that the appellant, George Anglesea, a copetitioner, was one of the executors, when, as a matter of fact, it was his deceased brother, Thomas Anglesea, who was an executor. This error of description did not affect the decision. The construction by the surrogate excised paragraph 18 of the will and left the remaining provisions standing as valid. The only apparent effect was to accelerate the payment of certain legacies. The appellant fails to point out in any respect where the other paragraphs of the will are invalid, or otherwise affected by the excision of paragraph 18. The decision handed down on April 22, 1938 [ante, p. 718], is amended to read as follows: The will of Fredericke H. B. Angelsea, who died May 30, 1934, devised certain real estate to her husband, made other specific bequests and provided for certain trusts, with a provision that her husband and five children and grandchildren should share equally in the residuary estate. Paragraph 18 of the will gave directions that no real estate should be sold until six years after her death and directed the accumulation of income to pay taxes, repairs and other carrying charges on her real estate, with the balance added to the residuary fund. In particular, it provided for the payment of such charges on the real estate of her husband. The husband died about two years later. In a proceeding to construe the will the parties agreed that paragraph 18 was invalid because of the illegal suspension of the power of alienation. It was, therefore,

excised by decree of the surrogate. (See *Matter of Horner*, 237 N. Y. 489; *Matter of Trevor*, 239 id. 6.) A brother and next of kin of the deceased husband of testatrix joined with the surviving executrix to obtain a construction of the will, and appeals from the decree. This motion is to dismiss the appeal on the ground that he is not a person interested and that the question is academic. While he was an interested party on the original motion, he is no longer interested and the question is entirely academic. It appears that he and his three brothers were " the distributees, heirs at law and next of kin of said deceased Thomas Anglesea "— the deceased husband of testatrix. It appears nothing can be accomplished on this appeal except the restoration of paragraph 18, which all agree is invalid. If it may be said that certain rights of the husband to have the charges on his real estate paid from the income might have been preserved, such rights terminated with his death and do not survive for the benefit of his heirs or distributees. While the will is not set forth in full in the motion papers, their rights are apparently vested in the real property and their right to take under the residuary clause will be determined on the final accounting and distribution. Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ. Motion for reargument of motion to dismiss appeal denied. Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ.